Submitted on brief and record July 14, complaint dismissed September 30, 1976, petition for rehearing pending

# In re Complaint as to the Conduct of
# R., *Accused.*

554 P2d 522

No appearances.

PER CURIAM.

## PER CURIAM.

The accused lawyer is charged by the Oregon State Bar with conduct contrary to the Code of Professional Responsibility. He is charged with failing to report to the court a contact between his client and a juror occurring during trial.

DR 7-108(G) provides:

> "A lawyer shall reveal promptly to the court improper conduct by a venireman or a juror or a member of his family, of which the lawyer has knowledge."

Ethical Considerations 7-32 provides:

> "Because of his duty to aid in preserving the integrity of the jury system, a lawyer who learns of improper conduct by or towards a venireman, a juror, or a member of the family of either should make a prompt report to the court regarding such conduct."[1]

The accused represented Birkes in the trial of a personal injury action. During trial the client, Birkes, picked up a hitchhiker who turned out to be one of the jurors. All the evidence at the disciplinary hearing was that neither immediately recognized the other, but they did after a short ride. Both were embarrassed but the juror continued to his destination some 10-15 miles away. The trial and the case were not discussed.

The jury returned a $75,000 verdict and the defendant filed a motion for new trial. The court set aside the verdict for reasons irrelevant to this proceeding. Plaintiff appealed to this court. We reversed and reinstated the verdict. The defendant filed a petition for rehearing in this court, asking us to withhold further action until he had time to investigate the contact between the plaintiff and the juror. The defendant made an investigation, settled with the plaintiff, for what

---

[1] "Ethical Considerations illustrate the general principles which guide the Committee [on Legal Ethics] and the Board [of Governors of the Oregon State Bar] in interpreting the Disciplinary Rules and applying them to the questions of propriety before them. They are based on case law throughout the land and are frequently cited in current opinions and decisions." From Foreword to Code of Professional Responsibility.

[ 367 ]

amount we do not know, and withdrew the petition for rehearing.

The accused testified that after he learned of the incident he talked to his partners and did some legal research. They decided that because they had their plaintiff's verdict set aside and were themselves appellants; because the trial court no longer had any jurisdiction; and because of their opinion that the incident would not be grounds for a new trial because the juror and their client did not discuss the case, they had no obligation to inform any court.

We are of the opinion that it is immaterial when the accused learned of the juror contact because if an attorney learns of improper conduct at any time that any court can rectify the effect of that conduct, the attorney has an obligation to inform such court.

Another reason the accused did not inform any court was his opinion, fortified by a like opinion of his partners, that there was no improper conduct because the client and juror had met inadvertently and had not discussed the case. This is a decision that the attorney makes at his peril; that is, despite a reasonable belief that the conduct of the juror was proper, and, therefore, the attorney does not inform the court, if it develops subsequently that the conduct was improper, the attorney is guilty of unethical conduct for not earlier informing the court. The reason for such a rule is that, otherwise, the attorney can make a unilateral decision that the conduct was proper and, therefore, not inform the court. Because of this lack of disclosure the conduct may never be known although it turns out to be highly improper and highly prejudicial to a party to the lawsuit. If there is the slightest bit of doubt in an attorney's mind whether he is obligated to inform the court of juror misconduct, that doubt should be resolved in favor of disclosure.[2]

[2]Because of the circumstances in this case and the issues formed, there has been no discussion of revealing confidential or secret information received from a client. See *In re Complaint as to the Conduct of A.*, decided September 23, 1976.

■ In this particular case the evidence developed at the disciplinary hearing completely supported the accused's assessment of the situation as not involving improper conduct by the juror and his client. The accused's decision not to inform any court was vindicated and the accused is not guilty of any unethical conduct. We have written an opinion in this case to state an attorney's obligation when the attorney is faced with a decision whether to inform a court of possible juror misconduct.

The complaint is dismissed.